# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CLASSIC BUSINESS CORPORATION, TAMON CORPORATION and VANDAN, LLC, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No.: 1:09-cv-07735<br>) |
| v. | ) The Honorable John F. Grady<br>) |
| EQUILON ENTERPRISES, LLC, d/b/a Shell Oil Products, US, | ) Magistrate Judge Geraldine Soat Brown<br>)<br>) |
| Defendant. | ) |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTS IV AND V OF AMENDED COMPLAINT

This Memorandum is submitted in support of the Motion to Dismiss filed by Defendant Equilon Enterprises LLC d/b/a Shell Oil Products US ("Equilon").

## INTRODUCTION

Despite a number of added allegations, Plaintiffs' claims for violations of the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/1, et seq. (Count IV) and for declaratory judgment (Count V) fail to state a claim upon which relief can be granted. Plaintiffs ICFA claims fail for several reasons. First, Plaintiffs do not have standing to assert claims under the ICFA because they are not consumers and fail to allege facts showing a sufficient consumer nexus to the alleged violative conduct. Second, Plaintiffs' ICFA are merely restatements of their breach of contract claims and therefore fail. Finally, Plaintiffs' ICFA claims are not pleaded with the requisite particularity under Fed. R. Civ. P. 9(b). Plaintiffs' declaratory judgment claim (Count V) also fails because it is a thinly-disguised breach of contract claim and because it seeks relief for which no legal claim for relief has been alleged. For these reasons, and those discussed in more detail below, Counts IV and V of the Amended Complaint should be dismissed.

**FACTUAL BACKGROUND**

Defendant Equilon is an integrated-refiner that markets motor fuel under the "Shell" brand. (Am. Compl. ¶¶ 7-8, 31.) Equilon markets Shell-branded motor fuel in the Chicago area through several types of stations (sometimes referred to as "classes of trade" in the industry) including open dealer stations, lessee-dealer stations, multi-site operator ("MSO") stations, and stations supplied by distributors or jobbers. (Am. Compl. ¶¶ 7, 8, 9, 26, 27, 44, 54.) See also Shell Oil Co. v. HRN, Inc., 144 S.W.3d 429, 431 (Tex. 2004) (describing various classes of trade in the industry). Equilon also sells unbranded motor fuel in the Chicago area, some of which may be sold through retail locations in the Chicago area. (Am. Compl. ¶ 24.)

Plaintiffs own and operate three Shell-branded motor fuel stations in the Chicago metropolitan area (i.e., they are "open-dealers"). (Am. Compl. ¶¶ 3-5, 9.) Plaintiffs' retail customers generally come from a 15-mile radius around their respective stations. (Am. Compl. ¶ 14.) Each Plaintiff has entered into a Retail Sales Agreement ("RSA") with Defendant Equilon. (Am. Compl. Exs. 1, 2 and 3.) Under the RSAs, Equilon agrees to sell and Plaintiffs agree to buy gasoline for re-sale at the Plaintiffs' stations under the "Shell" brand. (Am. Compl. Exs. 1, 2 and 3.) The Plaintiffs agree to pay Equilon "the price in effect at the time loading commences at the Plant for the place of delivery." (Am. Compl. Ex. 1 at 4, Ex. 2 at 4, Ex. 3 at 4.) This price is commonly-referred to as the "Dealer-Tankwagon Price" or "DTW." (Am. Compl. ¶ 30.) In the industry, the "Plant" is a distribution facility and is sometimes referred to as a "Rack." (Am. Compl. ¶ 30.)

Equilon delivers motor fuel directly to open-dealer and lessee-dealer stations. (Am. Compl. ¶ 8.) Plaintiffs purchase motor fuel f.o.b. destination (i.e., the retail station). (Am. Compl. Ex. 1 at ¶ 11(a), Ex. 2 at ¶ 11(a), Ex. 3 at ¶ 11(a).) In contrast, jobbers typically take delivery of the motor fuel at the "Rack" and distribute the fuel to various stations using their own

trucks or common carriers. (Am. Compl. ¶ 27.) Jobbers purchase motor fuel at the "Rack Price." (Am. Compl. ¶ 27.) Unbranded purchasers also purchase "from [Equilon]'s rack." (Am. Compl. ¶ 32.) MSO (multi-site operator) stations are a type of "commission-operated retail outlet" where Equilon owns the fuel at the site and sets the retail prices for that fuel. (Am. Compl. ¶¶ 44, 54.); See RWJ Companies, Inc. v. Equilon Enterprises LLC, 2005 U.S. Dist. LEXIS 38329, at *6-7 (S.D. Ind. Dec. 28, 2005).

Plaintiffs claim that Equilon charged different prices to different classes of trade, i.e., that it discriminated in price among the plaintiff open dealers, jobbers, other open-dealer stations, lessee-dealer stations, MSO stations, and unbranded purchasers. (Am. Compl. ¶ 36.) Plaintiffs also claim that Equilon has "unilaterally and arbitrarily" changed its methodology for setting DTW prices resulting in higher prices to the Plaintiffs as part of a plan to convert to an all-jobber marketplace in the Chicago area and to drive the plaintiffs out of business. (Am. Compl. ¶¶ 43, 46-51, 57.) Finally, Plaintiffs allege that Equilon has consistently invoiced them for motor fuel not delivered to their stations. (Am. Compl. ¶¶ 89, 93.)

Plaintiffs assert five causes of action: Count I – violations of the Robinson-Patman Act; Count II – breach of contract under Section 2-305 of the Illinois Commercial Code; Count III – common law breach of contract; Count IV – violations of the Illinois Consumer Fraud Act ("ICFA"); and Count V – declaratory judgment. Equilon moves to dismiss Count IV (ICFA) and Count V (declaratory judgment) under Fed. R. Civ. P. 12(b)(6) because those counts fail to state a claim upon which relief can be granted.

## ARGUMENT

**I.   Standard under Rule 12(b)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.

Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). If a claim does not give fair notice of its grounds or if its factual allegations do not plausibly suggest that the plaintiff has a right to relief, dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate. Twombly, 550 U.S. at 555-56. A complaint that pleads facts that are merely consistent with a defendant's liability "stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 129 S. Ct. at 1949.

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [his] favor." Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). The Court need not, however, accept as true bare legal conclusions. Iqbal, 129 S. Ct. at 1949. Mere labels or formulaic recitation of the elements of a cause of action do not suffice to state a cause of action. Id.

**II.     Plaintiffs' Claim Under The ICFA (Count IV) Fails As A Matter Of Law.**

Plaintiffs' re-packaged claims under the ICFA fail for several reasons. First, Plaintiffs lack standing because they are not consumers and fail to plead a consumer nexus. Second, Plaintiffs' ICFA claims are merely restatements of their breach of contract claims and therefore not actionable under the ICFA. Finally, the claims are not pleaded with the requisite particularity under Fed. R. Civ. P. 9(b).

    **A.     Plaintiffs lack standing under the ICFA because they fail to plead a consumer nexus with Equilon's alleged unfair or deceptive conduct.**

The ICFA is fundamentally concerned with protecting consumers. Stepan Co. v. Winter Panel Corp., 948 F. Supp. 802, 805-06 (N.D. Ill. 1996). "Consumer" is defined as "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e). Plaintiffs purchase motor fuel from Equilon for resale to the public rather than for their

1195788                                    4

own consumption.  (Am. Compl. Exs. 1, 2 and 3.)  Therefore, they do not qualify as consumers under the ICFA.

A non-consumer plaintiff asserting claims under the ICFA must plead and prove that "the alleged conduct invokes trade practices addressed to the market generally or otherwise implicates consumer protection concerns." Id. at 806.  This "consumer nexus" requirement is due in part to a concern that any common-law contract claim would subsumed by the ICFA upon a mere allegation of a "fraudulent" breach. Id.  Plaintiffs make no allegations that would suggest that the conduct of which they complain is addressed to the market generally or otherwise implicates consumer protection concerns.  On the contrary, Plaintiffs specifically state that "[a]s a result of [Equilon's] deceptive and/or unfair trade practices, *the Plaintiffs* have been damaged."  (Am. Compl. ¶ 94 (emphasis added).)

That Plaintiffs re-sell the gasoline they purchase to consumers does not in and of itself demonstrate a consumer nexus.  After all, "[a]lmost every product sold by one commercial party to another will ultimately be sold to or otherwise effect (sic) a consumer." Id.; see also Pace American, Inc. v. Elixir Indust., Case No. 06 C 4661, 2007 U.S. Dist. LEXIS 10601, at *13-14 (N.D. Ill. Feb. 13, 2007).  In Pace American, the court dismissed the plaintiff's claim that the defendant violated the ICFA by inflating the weight and cost of aluminum coil in a deceptive manner because the plaintiffs failed to plead an appropriate consumer nexus.  2007 U.S. Dist. LEXIS 10601, at 13-14.  Specifically, the court concluded that the mere allegation that the plaintiff was "one of the largest manufacturers of enclosed cargo and auto trailers" was insufficient to demonstrate that inflated costs would be passed along to its customers. Id.  Similarly, Plaintiffs allege no facts that would suggest that any increased cost due to allegedly inflated DTW prices charged by Equilon would be passed along to the ultimate consumer.  For this reason, Plaintiffs' ICFA claims fail as a matter of law.

**B.     Plaintiffs' ICFA claim (Count IV) fails because it merely restates Plaintiffs' breach of contract claims.**

"A breach of contractual promise, without more, is not actionable under the [ICFA]." Avery v. State Farm Mutual Automobile Ins. Co., 835 N.E.2d 801, 844 (Ill. 2005); see also Langendorf v. Conseco Senior Health Ins. Co., 590 F. Supp. 2d 1020, 1023 (N.D. Ill. 2008). In Langendorf, the court followed Avery in rejecting an ICFA claim that was based on the same allegations that formed the basis of the plaintiffs' breach of contract claim. Langendorf, 590 F. Supp. 2d at 1023.

The same is true in this case. Plaintiffs assert two breach of contract claims: 1) Count II – breach of an open price term under Illinois Commerce Code § 2-305, 810 ILCS 5/2-305, based on allegations that Equilon "unilaterally and unreasonably raising fuel prices" calculated "without reference to any good faith market rate formula or legitimate regional policy" and 2) Count III – common law breach of contract based on allegations that Equilon "consistently invoiced the Plaintiffs for fuel in amounts in excess of what Shell actually delivered." (Am. Compl. ¶¶ 81, 89.) Plaintiffs claims under the ICFA are based on those same allegations – that Equilon changed the method by which it set the price for fuel and manipulated the price of fuel charged to Plaintiffs and that it charged Plaintiffs for fuel that it never delivered. (Am. Comp. ¶ 93.) Plaintiffs' ICFA claims are merely restatements of their previously-stated breach of contract claims. Therefore, the ICFA claim fails and should be dismissed.

**C.     Plaintiffs fail to plead their ICFA with sufficient particularity under Fed. R. Civ. P. 9(b).**

Claims under the ICFA must be pleaded with particularity under Fed. R. Civ. P. 9(b). Pace American, Inc. v. Elixir Indust., Case No. 06 C 4661, 2007 U.S. Dist. LEXIS 10601, at *14, (N.D. Ill. Feb. 13, 2007); Durst v. Illinois Farmers Ins. Co., Case No. 05 C 574, 2006 U.S. Dist. LEXIS, 2870, at *13-15, (N.D. Ill. Jan. 12, 2006). This requires a party to state the "who, what,

when, where, and how" of the alleged fraudulent conduct. Durst, 2006 U.S. Dist. LEXIS 2870, at *13-14 (concluding that pleadings that fail to identify specific dates of alleged unfair or deceptive conduct or identify the specific individuals involved are insufficient under Rule 9(b)).

Plaintiffs' Amended Complaint fails to meet this standard. Plaintiffs allege no specific dates of when the alleged deceptive conduct or activity has taken place. Rather, Plaintiff Classic Business Corporation generally avers that sometime in 2009, Equilon unilaterally decided to use a particular MSO location as the exclusive parameter to set DTW prices for fuel purchased by Classic. (Am. Compl. ¶ 48.) All three plaintiffs generally allege that "recently" Shell unilaterally and arbitrarily changed its pricing methodology for setting DTW prices charged to the Plaintiffs. (Am. Compl. ¶ 49.) These allegations are insufficient.

Similarly, Plaintiffs fail to identify the individuals involved in the alleged unfair or deceptive activities. Plaintiffs allege that "Shell notified Classic that Shell is now setting the price with respect to the 'market as a whole.'" (Am. Compl. ¶ 50.) But Plaintiffs fail to identify which of Equilon's employees made the alleged statement and on what date the discussion took place. Plaintiffs also allege that "Shell refused to further define this phrase and refused to tell Classic what stations or competition are included in Classic's market area." (Am. Compl. ¶ 50.) Yet, Plaintiffs do not identify the date(s) on which Plaintiffs demanded such information or to whom such requests were made. Nor do Plaintiffs identify the Equilon employee who allegedly described Equilon's pricing methodology as the "Breakeven Calculator" or who allegedly guaranteed Plaintiff Classic Business Corporation a margin of $.10 per gallon. (Am. Compl. 47.)

Plaintiffs fail to adequately allege the who, what, when, where and how of the alleged unfair or deceptive conduct that forms the basis of their ICFA claims. Therefore, Count IV should be dismissed for failure to comply with Fed. R. Civ. P. 9(b).

**III. Plaintiffs' Claim for Declaratory Judgment (Count V) Should be Dismissed Because It Improperly Seeks A Determination of Equilon's Obligations Under the Supply Agreements.**

Plaintiffs' claim for declaratory judgment in Count V fails as a matter of law because it seeks a declaration of Equilon's, not the plaintiffs', obligations under the RSAs. The Declaratory Judgment Act[1] authorizes a court to "declare the rights and other legal relationships of any interested party . . . whether or not further relief is sought." 28 U.S.C. § 2201. Although a plaintiff may seek a declaratory judgment to determine its own obligations under a contract, the act is not an appropriate vehicle to clarify another party's obligations. Household Fin. Services, 1999 U.S. Dist. LEXIS 15039, at *7 (granting motion to dismiss where plaintiff sought declaration that defendant breached the parties' agreement); Asch v. Teller, Levit & Silvertrust, P.C., 2003 U.S. Dist. LEXIS 16747, at *20-21 (N.D. Ill. Sept. 26, 2003) (rejecting declaratory judgment count where plaintiff sought clarification of the defendant's duties rather than his own).

In this case, Plaintiffs re-package their bad-faith pricing breach of contract claim in the form of a declaratory judgment claim in Count V. Plaintiffs specifically allege that Equilon has breached the RSAs. (Am. Compl. ¶ 98 ("As a result, Shell has breached the Supply Agreements.")). They then request that the Court declare that Plaintiffs are no longer required to purchase fuel from Equilon under RSAs or pay liquidated damages for early termination of the agreements. (Am. Compl. ¶ 100.) It is thus apparent that while Plaintiffs attempt to characterize their request in terms of their rights under the RSAs, what Plaintiffs actually seek is a declaration that Equilon materially breached the RSAs justifying Plaintiffs' future avoidance of their

---

[1] Plaintiffs bring Count IV under the Illinois Declaratory Judgment Statute, 735 ILCS § 5/2-701. That statute is inapplicable in federal courts. Household Fin. Services, Inc. v. Northern Trade Mortgage Corp., 1999 U.S. Dist. LEXIS 15039, at *4-5 (N.D. Ill. Sept. 27, 1999). Under well-settled practice, this Court should instead consider Plaintiffs' declaratory judgment claims under the federal Declaratory Judgment Act, 28 U.S.C. § 2201.

1195788                                8

obligations under the contracts. Count V amounts to nothing more than a thinly-veiled breach of contract claim and should be dismissed.

Additionally, Plaintiffs' request for declaratory relief relating to unidentified deed covenants and/or restrictions fails because the Amendment Complaint identifies no legal basis for the requested relief. "A complaint for declaratory relief must establish the existence of a "case of actual controversy," and the requested relief should be of practical help or utility in resolving the controversy. Deveraux v. City of Chicago, 1992 U.S. Dist. LEXIS 17101, *7 (N.D. Ill. Nov. 4, 1992) (internal citations omitted). In Deveraux, police officers sought a declaration that the City of Chicago denied the plaintiffs due process of law by refusing to honor eligibility rosters for promotions out of fear that the rosters violated the Civil Rights Act of 1991. Id. at 1-3. The court concluded that at best, the officers who ranked high on the promotion roster had an expectation of being promoted but that expectation did not amount to a protectable property interest sufficient to state a claim for deprivation of procedural due process. Id. at 7. The court then dismissed the declaratory judgment action because it was premised on a claim that did not entitle the officers to any relief.

Similarly, in this case, Plaintiffs seek a declaration that terminating the RSAs would not trigger any deed covenants and/or restrictions even though they have alleged no facts entitling them to this relief. The first time deed restrictions are mentioned is in last numbered paragraph of the Amended Complaint where Plaintiffs make their demand for relief. (Am. Compl. ¶ 100.) The Amended Complaint contains no allegations identifying what, if any, deed covenants or restrictions would be implicated if the RSAs were terminated. Nor does the Amended Complaint include any allegations suggesting that Plaintiffs are in danger of running afoul of any deed covenants or restrictions. Because the Amended Complaint fails to adequately plead an existing case or controversy that would entitle them to relief, Plaintiffs' claim seeking a declaratory

judgment relating to the enforceability of unidentified deed covenants and/or restrictions should be dismissed.

## CONCLUSION

For the foregoing reasons, Counts IV and V of the Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.

Dated: March 31, 2010

Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.

/s/ Sandra B. Gallini
Sandra B. Gallini, #6279114
sbg@greensfelder.com
10 South Broadway, Suite 2000
St. Louis, Missouri 63102
(314) 241-9090
(314) 241-4245 (fax)

*Attorneys for Defendant Equilon Enterprises LLC d/b/a Shell Oil Products US*

GREENSFELDER, HEMKER & GALE, P.C.
Kevin B. Duckworth, #6191668
kbd@greensfelder.com
200 West Madison, Suite 3440
Chicago, Illinois 60606
(312) 419-9090
(312) 419-1930 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of March, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following party:

John Conway, Esq.
Jaime McCarthy, Esq.
Sullivan Hincks & Conway
120 West 22nd Street
Suite 100
Oak Brook, IL 60523

*Attorneys for Plaintiffs*

/s/ Sandra B. Gallini, Esq.